PER CURIAM:
Claimant brought this action for damage to her 2002 Oldsmobile Intrigue which occurred when her daughter, Barbara Darlene Harris, was operating the vehicle on County Route 2 between Quinwood and Marffance in Greenbrier County and a tree limb fell onto the vehicle causing damage thereto. Although this claim was originally filed in the name of claimant’s husband, Charles Camell, the Court on its own motion amended the style of the claim to reflect the titled owner of the vehicle as the claimant. Respondent is responsible for the maintenance of County Route 2 in Greenbrier at all times herein. The Court is of the opinion to deny this claim for the reasons set forth herein below.
Barbara Darlene Harris, claimant’s daughter, testified that on June 17,2003, at about 10:10 a.m., she was traveling on County Route 2 to go to the doctor. Her daughter was a passenger in the vehicle. She described County Route 2 as a narrow road. It had been raining earlier that week. As she was driving at approximately fifteen to twenty miles per hour on this road, a tree limb, suddenly and without warning, fell onto the hood of her mother’s vehicle. She drove to the side of the roadway and her brother-in-law, who had been driving his vehicle behind them, stopped to see if they were all right. She observed that the limb was three to four inches in diameter. It had broken apart upon impact with the vehicle. It appeared to be a dead limb which had fallen from a tree four to five feet from the edge of the road. She stated that she had not observed this particular tree prior to the date herein. The respondent later cut the tree down so she stopped to look at it.
Claimant’s husband, Charles Camell, testified that he obtained an estimate for the damages to claimant’s vehicle and had it repaired for $789.21. Claimant has a deductible feature of $100.00 from her insurance so she is limited to a recovery in that amount.
William Hoover, respondent’s Transportation Crew Supervisor for Crawley in Greenbrier Comity, testified that he is familiar with County Route 2 which is in the western portion of Greenbrier County. He testified that he went to the scene of the accident involving claimant’s vehicle. He saw dead limbs and a partially dead tree so he had the tree removed. He estimated that it was approximately eighteen inches “at the butt” and that it was within the State’s right of way.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the hazard at issue and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl 8 (1985). This Court has held that respondent is liable for dangerous trees or tree limbs on its property or right of ways. The general rule this Court has adopted is that if a tree is dead and poses an apparent risk, then respondent may be held liable. Wiles v. Division of Highways, 22 Ct. Cl. 170 (1999).
In the present claim, the Court is of the opinion that claimant failed to establish *132 that respondent had actual or constructive notice that this particular tree or tree stump presented a risk to the traveling public. There was no evidence that respondent had any prior complaints regarding this tree.
Thus, there being no basis for a finding of negligence on the part of respondent, the Court is of the opinion to and does deny this claim.
Claim disallowed.